PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* DARÍO AYALA, Defendant and Appellant.

No. 6674.   Argued February 1, 1938.—Decided February 18, 1938.

*Benicio Sánchez Castaño* for appellant.   *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

Darío Ayala was charged with murder and convicted of murder in the second degree.   On appeal, he assigned four errors but in essence they are directed to one point, namely, that the evidence was not sufficient to justify the jury in rendering the verdict of murder in the second degree, as the facts could only lead to a case of involuntary manslaughter.

From the brief of the appellant we accept the statement of the theory of the People as follows:

"The theory of the People, as brought out by the evidence which it introduced, consists in maintaining that the defendant took the life of the deceased on some day in December, 1935, under the following circumstances:

"That the defendant, after quarrelling with the deceased, stated his intention of taking the latter's life. That on the night of December 11, 1935, while the deceased was going to his accustomed place to sleep, that is a den or cyclone pit, situated on the property of the Succession of Ayala in the ward of Canovanillas, Carolina, the defendant, under the pretext that he thought it was some bird-

thief, fired two shots at him, wounding him fatally with one of them, the defendant knowing that the supposed victim was not such a thief, but Andrés Ayala Flores, a cousin of the defendant and his foster-brother.''

On the other hand, appellant says the following was his theory:

''In opposition thereto, the theory developed by the defense in the course of the trial consists in maintaining that even though it is true that the defendant took the life of Andrés Ayala Flores, he did so accidentally when he mistook him for a bird thief, without there being any premeditation in such act and without there being any personal dispute or misunderstanding of any kind between the defendant and the deceased.''

On a motion for a new trial the court rendered an opinion wherein it found that as there was sufficient evidence on which to found a verdict the latter should not be disturbed. The following appears in the opinion:

''The grounds of the motion for a new trial, in the case of murder as well as in the case of carrying a prohibited weapon, are the following: That the verdict is null and void because the evidence does not support it; that the evidence is insufficient to sustain the verdict; that this is contrary to law; that this is against the weight of the evidence; that there was not sufficient evidence to sustain the verdict of guilty; that the evidence does not show that the defendant acted with malice and premeditation so as to permit the jury to render a verdict of murder in the second degree and finally, that the only evidence with regard to premeditation and malice is the testimony of Trinidad Ayala, a sister of the deceased and whose testimony by itself is insufficient, inasmuch as it was too remote, partial and full of prejudice.''

There was also evidence tending to show a threat by the defendant if the deceased came to the defendant's house drunk and disturbed defendant's mother and sister. The deceased had lived on the premises of the defendant and was going to his accustomed sleeping place when shot. The *Fiscal* analyzes the evidence of the other witnesses at the trial, including that of the defendant himself and we hold that the

People, as an element of the offense, proved deliberation to such an extent that the jury was entitled to render, beyond a reasonable doubt, the actual verdict. Various witnesses corroborated Trinidad Ayala, if corroboration was even morally necessary.

Where the killing is a result of pure accident and there was no purpose to injure, or aim in the direction of the deceased, a court should give the jury the opportunity to find the defendant guilty of manslaughter or perhaps so limit the verdict. See cases cited by appellant, e.g. *Parks* v. *State,* 31 S. E. 580; *State* v. *Vance,* 17 Iowa 138.

In the record we find the following granted prayer:

"If you, the gentlemen of the jury, arrive at the conclusion that the defendant took the life of Andrés Ayala, because of the failure to take the necessary precaution and circumspection when firing a weapon, then you should find defendant guilty of voluntary manslaughter (*sic*)."

The instruction, standing alone, is more favorable than the defendant had a right to expect. This we think was cured by the actual instructions and the appellant assigns no error with respect to them.

With more provocation to excite the defendant we have recently held that handling with a criminal intent a cash register in the shop of a defendant did not warrant the shooting of the deceased. (*People* v. *Torres, ante,* p. 484.)

The judgment should be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.